Joseph **HATFIELD**, et al., Plaintiffs— Appellants,

v.

**CITY OF BREMERTON, a Washington State municipal corporation,** Defendant—Appellee.

No. 02–35434.

D.C. No. CV–01–05200–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided July 9, 2003.

Before B. FLETCHER, BRUNETTI, and McKEOWN, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Joseph Hatfield, a former Captain in the Bremerton Police Department, sued the City of Bremerton and its former mayor, Lynn Horton, claiming retaliation for his exercise of his First Amendment rights of free speech and association based on his union activities and political opposition to the mayor. He also raised state-law tort claims for constructive discharge and intentional infliction of emotional distress, and his wife alleged loss of consortium. The district court awarded summary judgment to the defendants on all grounds, finding that Hatfield failed to establish a prima facie case of retaliation, and that the rest of his claims

failed because they turned on the existence of a predicate constitutional violation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Summary judgment may be affirmed on any ground supported by the record. *See Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 750 (9th Cir.2001). Here, we affirm the district court's grant of summary judgment to the defendants on two grounds: Hatfield's First Amendment claims are either time-barred or untenable under *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and he failed to raise a valid due process claim.

The district court erred in holding that Hatfield was not subject to any adverse employment action. *See Ulrich v. City & County of San Francisco,* 308 F.3d 968, 977 (9th Cir.2002). The district court also erred in holding that Hatfield failed to establish a genuine dispute of material fact as to whether the defendants retaliated against him in violation of his First Amendment rights. *See Rendish v. City of Tacoma,* 123 F.3d 1216, 1219 (9th Cir. 1997).

▮▮▮ The problem for Hatfield, however, is that the only adverse employment actions taken against him that could give rise to a First Amendment retaliation claim occurred before April 23, 1998 – outside of the limitations period. The continuing violation doctrine does not extend to discrimination claims based on discrete discriminatory acts rather than a hostile work environment, even if those acts relate to acts that occurred within the statutory time period. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *RK*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1061 (9th Cir.2002). As to the adverse employment actions that did occur within the limitations period – Horton's alleged failure to consider Hatfield for the Assistant Chief and Chief positions on the basis of his protected expression – the positions at issue are "policymaking" positions as to which this court has held that the balancing test in *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), does not apply. *See Biggs v. Best, Best & Krieger,* 189 F.3d 989, 994–95 (9th Cir.1999) (citing *Branti, supra,* and *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality opinion)).

■ As to Hatfield's claim that the failure to consider or appoint him to the Assistant Chief or Chief violates his due process rights, summary judgment was appropriate because the mayor's decision as to whom to appoint was entirely within her discretion. *See Ulrich,* 308 F.3d at 976 ("No constitutionally protected property interest can exist in the outcome of a decision 'unmistakably committed ... to the discretion of the [public entity].' ") (alteration in original) (citing *Parks v. Watson,* 716 F.2d 646, 657 (9th Cir.1983)).

AFFIRMED.